IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

RASHAD JACOX,                    )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )        No. 12-02337-JDT-dkv
                                 )
CITY OF MEMPHIS, et al.,         )
                                 )
    Defendants.                  )

_____

REPORT AND RECOMMENDATION ON COLE'S MOTION TO DISMISS
_____

On April 27, 2012, the plaintiff, Richard Jacox ("Jacox"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the City of Memphis, the Memphis Police Department, A. C. Wharton, Toney Armstrong, Michael Rallings, "Officer D. Wilkins," "Officer J. Cole," "several John Doe police officers," the Madison Apartments, Water Grove Investors, LLC, and Thompson Reupers. (Compl., D.E. 2.) On February 1, 2013, the court entered an order of partial dismissal and order to effect service of process on defendants Wilkins and Cole. (Order, D.E. 10.) The claims against all other defendants were dismissed. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 17.)

Now before the court is the April 9, 2013 motion of the defendant, Officer Justin Cole ("Cole") to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Cole's Mot. to Dismiss, D.E. 21.) Jacox has not replied to the motion to dismiss within the time period for response. For the reasons that follow, it is recommended that Cole's motion be granted in part and denied in part.

I. PROPOSED FINDINGS OF FACT

Jacox's complaint alleges that on April 26, 2011, law enforcement officers, responding to a possible burglary, arrived at and demanded entry to an apartment inside of which Jacox was alone doing laundry. According to Jacox, the apartment was his girlfriend's, and he was there with her permission. Jacox alleges that he refused to open the door and instead told the officers to contact the lessee, his girlfriend, and gave them her name and contact information. According to the complaint, Jacox then telephoned a contact he had in law enforcement to request assistance because of threats being made by the officers at the scene. The officers at the scene eventually kicked open the apartment door to find Jacox kneeling on the floor with his hands raised in the air. The complaint alleges that the officers then started beating and kicking Jacox, with "[o]ne officer" beating him repeatedly in one eye. According to the complaint, the officers beat Jacox with flashlights while he,

going in and out of consciousness, lay in a fetal position on the floor. The complaint further alleges that officers eventually dragged Jacox out of the apartment, threw him on the hood of a squad car, and detained him in the back seat of the squad car until the arrival of Jacox's law enforcement contact and Jacox's girlfriend. After the girlfriend identified Jacox and confirmed that he was "legally at the apartment," the officers released him without any charges.

The complaint alleges that soon after this incident, Jacox sought treatment for his injuries at St. Francis Hospital, and to date he continues to be under the care of a doctor. According to the complaint, Jacox suffered, as a result of the incident, emotional distress, physical pain and suffering, and permanent injuries to his shoulders, neck, and eye. He seeks to hold the defendants liable for his damages on a theory that they violated the "First, Fifth, Fourteenth, and other Amendments to the United States Constitution that apply." (Compl., D.E. 2 at 2.)

## II. PROPOSED CONCLUSIONS OF LAW

In his motion to dismiss, Cole argues that Jacox's complaint fails to state a claim against him because it does not assign any of the alleged acts to any specific officer or officers and thereby falls short of Rule 8(a)'s notice-pleading requirement. (Mem. in Supp. of Cole's Mot. to Dismiss, D.E. 21-

1 at 4-5.) Cole also argues that Jacox has failed to state a 42 U.S.C. § 1983 claim because the facts as alleged do not give rise to a violation of any of the constitutional provisions cited in the complaint. (*Id.* at 5-7.)

A. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Jacox's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Willams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly

charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. Sufficiency of the Complaint under Rule 8(a)

Cole contends that by only ever referring to the perpetrators of the alleged acts as "officers," generically, Jacox's complaint violates the notice-pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure by failing to put Cole on notice of the nature of the claims asserted against him specifically. In support of his argument, Cole cites to two cases wherein courts supposedly found that complaints containing similar "blanket assertions" against entire groups of defendants failed under Rule 8(a).

In *Bondex International, Inc. v. Hartford Accident and Indemnity Co.*, 667 F.3d 669 (6th Cir. 2011), the Sixth Circuit found that a "generic reference" in the complaint to "the misconduct of 'all defendants'" was not enough, in this insurance coverage dispute, to allege a specific theory of coverage, namely the "uncapped coverage" provision of the insurance policy, against one indemnity-company defendant. *Id.* at 681. This "threadbare allegation" did not meet the Federal Rules' notice-pleading requirement. *Id.* However, this was so not just because the allegation failed to identify a specific defendant or defendants, but also because an allegation of

6

generic "misconduct" could not have provided notice of the plaintiffs' reliance on a very specific theory of coverage, which theory was not identified as a separate cause of action in the complaint. *Id.* In that way, *Bondex* is somewhat distinguishable from the instant case because Jacox identifies a specific claim.

In *Muhammed v. Weis*, No. 08-3616, 2009 WL 637112 (E.D. Pa. Mar. 11, 2009), the complaint named 111 defendants, some of which the plaintiff grouped together and referred to by collective name, such as "the Pa. Insurance Defendants." *Id.* at *1 & *2 n.4. The court found that "many of Plaintiff's claims violate Federal Rule of Civil Procedure 8(a), insofar as they consist of blanket allegations against entire groups of individual defendants, but do not describe how each individual actor within the group contributed to the alleged harm." *Id.* at *2.

Though not cited by Cole, *Edwards v. City of New York*, No. 07-CV-5286(CPS), 2009 WL 1910740 (E.D.N.Y. June 29, 2009), provides additional support for his argument. There, the plaintiffs alleged in their section 1983 complaint that "police officers" illegally entered and searched their home and then unjustifiably detained them. *Id.* at *3. The original complaint named as defendants "Police Officers John Does Nos. 1-5," but the plaintiffs later sought to amend their complaint to add

eighteen named individuals, including several police officers, as defendants. *Id.* at *1. The court denied leave to amend because the proposed amendment would be futile as "the amended complaint would be subject to dismissal for failure to give notice and to identify facts that would entitle plaintiffs to relief against the various individual officers." *Id.* at *3. This was so because the proposed amended complaint "[did] not specify which officers took part in which of [the alleged] actions." *Id.*

Here, were the court to consider the complaint alone in assessing the sufficiency of Jacox's pleadings under the standard of Rule 8(a), it would be inclined to recommend dismissal. Throughout the factual allegations in Jacox's complaint, he lumps together all law enforcement defendants and refers to them as either "Officers" or "John Doe Officers." Only once does Jacox attribute an act to "[o]ne officer,"[1] as opposed to the group, and even there, he makes no attempt to identify which officer it was. The only references to Cole in the complaint are an allegation that he "was one of the participating officers that [sic] had his name badge on" and a one-sentence prayer for relief against him for $2 million in damages. (Compl., D.E. 2 at 3.)

---

[1] *See* Compl., D.E. 2 at 6 ("One officer repeatedly beat Plaintiff in the same eye until it was swollen close [sic] . . . .").

However, the court in this instance must not consider the complaint alone but must also consider the exhibits attached thereto, particularly to the extent the complaint itself makes reference to those exhibits. "A court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011)(quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In fact, the Sixth Circuit, in at least two instances, has held that it was error for the district court ruling on a Rule 12(b)(6) motion to dismiss to not consider exhibits attached to the complaint and referenced therein. *See id.* at 681; *Amini v. Oberlin Coll.*, 259 F.3d 493, 502-03 (6th Cir. 2001).

Attached as Exhibit B to Jacox's complaint is a document captioned "Complainant's Statement," issued by the City of Memphis Police Division, Inspectional Services Bureau, Case Management. (Ex. B to Compl., D.E. 2-2.) It documents a complaint Jacox filed with the Memphis Police Department (hereinafter referred to as "the MPD complaint") later in the day following the April 26, 2011 incident. In his court

complaint in this case, Jacox makes reference to the MPD complaint: "[After] Plaintiff was released and not charged with anything, . . . [he] goes to Internal Affairs and files a complaint." (Compl., D.E. 2 at 6.) In the MPD complaint, Jacox states that there were four MPD officers on the scene, and that three of them assaulted him. (Ex. B to Compl., D.E. 2-2 at 4.) Jacox specifically names Cole as one of the three officers who assaulted him. (*Id.*) Jacox states that he had seen Cole's name badge identifying him as "J. Cole." (*Id.*)

The statements made in Jacox's MPD complaint, which was referred to in the complaint he filed in this case and which was attached as an exhibit thereto, are sufficient to give Cole notice of the nature of the claims being asserted against him, namely that he assaulted Jacox in the course of an unlawful seizure. As such, the requirements of Rule 8(a) have been satisfied as to such claims against Cole, and therefore dismissal is not warranted on that basis.

C. <u>First Amendment Claim</u>

The complaint purports to allege a claim against the defendants under 42 U.S.C. § 1983 for violation of, *inter alia*, his First Amendment rights. In his motion to dismiss, Cole argues that the complaint sets forth no factual allegations in support of a claim arising under the First Amendment. This court agrees. "'[C]onclusory allegations of unconstitutional

conduct without specific factual allegations fail to state a claim under section 1983.'" *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)(quoting *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). Accordingly, it is recommended that Jacox's First Amendment claims be dismissed for failure to state a claim.

D.  Fifth Amendment Claim

The complaint also seeks relief for violations of the Fifth Amendment. Cole argues that the Fifth Amendment applies to the federal government, and not the states, and therefore Jacox has no Fifth Amendment claim against Cole, a state actor.

Through the doctrine of selective incorporation, many of the prohibitions of the Fifth Amendment have been made applicable to the states. *See Spevack v. Klein*, 385 U.S. 511 (1967)(privilege against self-incrimination); *Brown v. Ohio*, 432 U.S. 161 (1977)(double jeopardy clause). *But see Peters v. Kiff*, 407 U.S. 493 (1972)(requirement of grand jury indictment not applicable to the states). However, Jacox's complaint does not give rise to a claim for violation of any of those rights or privileges. The only claim Jacox arguably purports to raise under the Fifth Amendment is one for violation of the due process clause of that amendment. The Fifth Amendment's due process clause, however, has not been made applicable to the

states. Thus, it is recommended that Jacox's Fifth Amendment claims be dismissed for failure to state a claim.

E.  Fourteenth Amendment Claim

Jacox also cites the Fourteen Amendment as a basis for his section 1983 claim. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the United States Constitution or federal statutory law, and (2) that the defendant deprived the plaintiff of this federal right under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Cole argues that the complaint fails to state a claim under the Fourteenth Amendment because the Fourth Amendment, not the Fourteenth Amendment, covers the conduct alleged in the complaint. Indeed, in the context of an unnecessary-beating claim, "[i]f the plaintiff was a free person at the time of the

incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim arises under the Fourth Amendment." *Phelps v. Coy*, 286 F.3d 295, 299 (6th Cir. 2002)(citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Only where the plaintiff's rights are not governed by a specific constitutional provision will the due process clause of the Fourteenth Amendment provide the plaintiff protection.

Nonetheless, in light of the facts that Jacox is proceeding *pro se* and that, by Cole's own admission, the complaint put Cole on notice that at least some of Jacox's claims were founded on a violation of Fourth Amendment rights,[2] this court does not find it appropriate to dismiss Jacox's claim merely because he brought it under the wrong amendment. Other courts agree. *See, e.g.*, *Jones v. Natesha*, 151 F. Supp. 2d 938, 942 n.3 (N.D. Ill. 2001)(denying dismissal and calling it a "mere scrivener's error" that the plaintiff brought his section 1983 claim under the wrong amendment, where the language of the complaint supported a claim under the proper, albeit unmentioned, constitutional home); *Cross v. City of Grand Prairie*, No. CIV.A.3:96-CV-0446L, 2000 WL 233295, at *4 (Feb. 28,

---

[2] The court also notes that further putting Cole on notice of a Fourteenth Amendment claim is the fact that the complaint by its very terms purports to arise under the First, Fifth, Fourteenth "and other Amendments to the United States Constitution that apply." (Compl., D.E. 2 at 2.)

2000)(declining to dismiss the *pro se* plaintiff's section 1983 claim merely because she brought it under the Eighth Amendment instead of the Fourteenth Amendment, even though she was a pretrial detainee and not a convicted prisoner). The court presumes Jacox intends to bring his excessive-force and unlawful-seizure claims under the Fourth Amendment, not the Fourteenth Amendment, and therefore recommends that Cole's motion be denied to the extent it seeks dismissal of those claims.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Cole's motion to dismiss be granted in part as to Jacox's First Amendment and Fifth Amendment claims and that those claims be dismissed for failure to state a claim upon which relief can be granted; that Jacox's claim under the Fourteenth Amendment be treated as a claim under the Fourth Amendment; that Jacox's claims under the Fourteenth Amendment be dismissed; and that in all other respects Cole's motion be denied.

Respectfully submitted this 8th day of August, 2013.

                                      s/ Diane K. Vescovo
                                      DIANE K. VESCOVO
                                      UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  F%%ED%%. R. C%%IV%%. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.