IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| RASHAD JACOX | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 12-2337-JDT-dkv |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

REPORT AND RECOMMENDATION ON DEFENDANT OFFICER J. COLE'S
SUPPLEMENTAL MOTION TO DISMISS

---

On April 27, 2012, the plaintiff, Richard Jacox ("Jacox"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the City of Memphis, the Memphis Police Department, A C Wharton, Toney Armstrong, Michael Rallings, "Officer D. Wilkins," "Officer J. Cole," "several John Doe police officers," the Madison Apartments, Water Grove Investors, LLC, and Thompson Reupers. (Compl., D.E. 2.) On February 1, 2013, the court entered an order of partial dismissal and order to effect service of process on defendants Wilkins and Cole. (Order, D.E. 10.) The claims against all other defendants were dismissed. This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 17.)

On April 9, 2013, the defendant, Officer Justin Cole ("Officer

Cole") moved to dismiss the complaint against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Cole's Mot. to Dismiss, D.E. 21.) By order dated August 29, 2103, Cole's motion to dismiss was granted in part and denied in part. Jacox's First Amendment and Fifth Amendment claims were dismissed for failure to state a claim upon which relief can be granted; Jacox's claim under the Fourteenth Amendment was treated as a claim under the Fourth Amendment, and Cole's motion to dismiss was denied as to this claim. Jacox's Fourteenth Amendment claims was dismissed.

Now before the court is the September 6, 2013 supplemental motion of Officer Cole to dismiss the remaining claim against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as being time barred. (Cole's Mot. to Dismiss, D.E. 21.) Jacox has not replied to the motion to dismiss within the time period for response. For the reasons that follow, it is recommended that Cole's supplemental motion to dismiss be granted.

## I. PROPOSED FINDINGS OF FACT

Jacox's complaint alleges that on April 26, 2011, he was involved in an altercation with law enforcement officers, including Officer Cole, who were responding to a possible burglary, which resulted in a violation of his civil rights. (Compl., D.E. 2 at 4.) The complaint alleges that immediately after this incident, Jacox sought treatment for his injuries at the Regional Medical Center and St. Francis Hospital, and to date he continues to be under the care of a doctor. (*Id.* at 7.) According to the

complaint, Jacox suffered, as a result of the incident, emotional distress, physical pain and suffering, and permanent injuries to his shoulders, neck, and eye. He seeks to hold the defendants liable for his damages on a theory that they violated the "First, Fifth, Fourteenth, and other Amendments to the United States Constitution that apply." (*Id*. at 9.)
Jacox filed his complaint in the instant lawsuit on April 27, 2012.

## II. PROPOSED CONCLUSIONS OF LAW

In his supplemental motion to dismiss, Cole argues that Jacox's complaint fails to state a claim against him because it was not timely filed and is therefore barred by the applicable statute of limitations. (Mem. in Supp. of Cole's Supp. Mot. to Dismiss, D.E. 31-1 at 1.)

A. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Jacox's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the court considers the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Generally, a Rule 12(b)(6) motion is not an appropriate vehicle for dismissing a claim based upon the statue of limitations because the statute of limitations is an affirmative defense, and "a plaintiff generally need not plead the lack of an affirmative defense to state a valid claim." *Cataldo v. U. S. Steel Corp*. 676 F.3d 542, 547 (6th Cir. 2012). But, when the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate. *Id*.

(*Citing Jones v. Bock*, 549 U.S. 199, 215 (2007).

B.  Statute of Limitations

Actions under section 1983 are governed by state statutes of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Actions for personal injuries in Tennessee have a one-year limitation period. TENN. CODE ANN. § 28-3-104(a); *see also Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002)("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year." (citations omitted)).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)(citations omitted). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* In particular, the section 1983 statute of limitation period begins on the date of the constitutional violation.

In this case, Jacox's section 1983 claims accrued on April 26, 2011, the day he was allegedly beaten by the law enforcement officers. (Compl., D.E. 1 ¶ IV.)  Therefore, the statute of limitations ran on Jacox's section 1983 claims on April 26, 2012,

one day before the complaint was signed and filed.[1] (*Id.*)

Accordingly, Jacox's claims under section 1983 are time-barred, and it is recommended that the complaint be dismissed against Officer Cole as time-barred.

III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Officer Cole's supplemental motion to dismiss be granted and that this case be dismissed against Officer Cole in its entirety.[2]

Respectfully submitted this 17th day of October, 2013.

                                              s/ Diane K. Vescovo         
                                              DIANE K. VESCOVO
                                              UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy.  FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[1]    April 26, 2012 fell on a Thursday and was not a federal holiday.

[2]    On February 28, 2012, the Clerk of Court issued a summons against the one remaining defendant, Officer D. Wilkins. (D.E. 14.) There is no indication on the docket sheet that Jacox ever served Officer Wilkins with the summons.