IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RASHAD JACOX,

    Plaintiff,

vs.                                                             No. 12-2337-JDT-dkv

OFFICER D. WILKINS,

    Defendant.

---

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

---

On April 27, 2012, the plaintiff Rashad Jacox, a resident of Centerfield, Georgia, filed a *pro se* complaint for violation of civil rights under 42 U.S.C. § 1983 against the City of Memphis, the Memphis Police Department, A C Wharton, Toney Armstrong, Michael Rallings, "Officer D. Wilkins," "Officer J. Cole," "several John Doe police officers," the Madison Apartments, Water Grove Investors, LLC, and Thompson Reupers. (Compl., D.E. 2.) Jacox paid the civil filing fee. (D.E. 2-9.) On February 1, 2013, the court entered an order of partial dismissal and order to effect service of process on defendants Wilkins and Cole ("the Order"). (Order or Partial Dismissal and Order to Issue Service of Process, D.E. 10.) The claims against all other defendants were dismissed. On March 27, 2013, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or

report and recommendation as appropriate. (Order of Reference, D.E. 17.).

The Order advised Jacox that he was responsible for effecting service on the two remaining defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Order further provided that the time limit to effect service of process under Rule 4(m) would commence running on the date of the Order. After the Order was entered on February 1, 2013, the Clerk of Court issued summonses for Wilkins and Cole and mailed them to Jacox on February 28, 2013. Rule 4(m) allows 120 days for service of a defendant. All claims against Cole have been dismissed. Wilkins is the sole remaining defendant. Jacox has failed to serve Wilkins, and more than 120 days have elapsed since the entry of the Order.

In addition, for the reasons set forth in the court's order dated August 29, 2103, Jacox fails to state a claim against Wilkins under the First Amendment, Fifth Amendment and Fourteenth Amendment to the Constitution, and for the reasons set forth in the court's order dated November 5, 2013, Jacox's claims against Wilkins under section 1983 are time-barred.

Accordingly, it is recommended that the claims against Officer D. Wilkins be dismissed pursuant to Rules 4(m) for failure to timely serve Wilkins, and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted this 7th day of January, 2014.


                                    s/Diane K. Vescovo
                                    ─────────────────────────
                                    DIANE K. VESCOVO
                                    UNITED STATES MAGISTRATE JUDGE



                              NOTICE

    Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.